IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAIMEL L. GLENN, #328757 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. WDQ-10-3430 |
| E. LAYTON, CO II | * | |
| Defendant. | * | |

\*\*\*

MEMORANDUM

Kaimel L. Glenn ("Glenn") filed this 42 U.S.C. 1983 prisoner civil rights action for damages on December 6, 2010. Glenn, an inmate housed at the Western Correctional Institution, claims that Correctional Officer Layton has engaged in discriminatory and harassing behavior. While Glenn makes vague allegations to: being "set up" by Layton regarding his cell assignment, Layton impeding his medication regimen,[1] and Layton placing him in "tight" handcuffs, he provides no specific facts alleging how Layton has placed his safety and health in danger and caused him injury. Therefore, these failure-to-protect, medical, and excessive force claims shall be dismissed without prejudice.

The main focus of Glenn's allegations, however, concerns his assertions that Layton has engaged in verbal harassment by continually "calling me my name all the time. Nigger this, nigger that all the time." He contends that Layton is "very racial toward me" and, as a fifty-two year old man with health problems, he does not need to suffer the harassment.

---

[1] For example, Glenn contends that Layton "put me in of cell to get jump on by of gamesman and to get bet bad all over my body…and say he save my life after he set me up to be hurted bad." ECF No. 1 at Complaint Con't p. 1. He neither provides any particulars regarding this incident nor discusses his injury. Glenn also seemingly alleges that Layton "all ways pushing me in front of thee nurse that give me medication for my insulin shot…" *Id*. at Complaint Con't p. 2. He does not, however, claim that Layton acted to deprive him of his medication.

To the extent that Glenn is claiming that Layton has verbally harassed him, such an assertion is not actionable under § 1983. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); *Accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D.Ill.1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment). Defendant's alleged use of racially hateful names, while offensive, does not state a claim under § 1983. The use of derogatory racial epithets or slurs violates neither the due process clause of the Fourteenth Amendment, *see Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir. 1987), nor the Eighth Amendment's prohibition against cruel and unusual punishment. *See Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987).

For the aforementioned reasons the case shall be dismissed. A separate order effecting the rulings made in this memorandum shall be entered herewith.

Date: <u>December 14, 2010</u>              _____/s/_____
                                            William D. Quarles, Jr.
                                            United States District Judge
2